F. M. McDONALD v. J. F. TEAGUE.

*Injunction—Sales for Taxes—Tax Collector.*

Plaintiff sought to have the defendant tax collector enjoined from selling his property for the non-payment of taxes for the years 1895 and 1896, upon the ground that the defendant had no authority to collect the taxes for 1896 because the commissioners had, in violation of law, turned over to him the tax list for 1896 for collection without his having settled the taxes of 1895 and produced a receipt therefor ; *Held*, that the injunction was properly refused, the taxes not being illegal or the assessment illegal or invalid.

ACTION by the plaintiff, to restrain the defendant, as tax collector of Swain County, from selling certain personal property of plaintiff for non-payment of taxes, heard before *Bryan, J.*, *at Chambers*, in BRYSON CITY, on 21st November, 1896. The grounds of the application are stated in the opinion of Associate Justice MONTGOMERY. The injunction was refused and plaintiff appealed.

McDONALD *v.* TEAGUE.

*Messrs. F. C. Fisher* and *W. L. Watson*, for plaintiff (appellant).

No counsel *contra.*

MONTGOMERY, J.: The plaintiff seeks by injunction to prevent the tax collector of Swain county from selling certain personal property which he has levied upon for the taxes due by the plaintiff for the years 1895 and 1896. The plaintiff admits that the taxes for 1896 are due, and in his complaint, which is confused and obscure, he does not allege that he has paid the taxes due for 1895, except by *inuendo*, which, when examined closely, means nothing. There is no allegation that the taxes were assessed and levied for an illegal or unauthorized purpose, or that the taxes were illegal or invalid, or that the assessment itself was illegal. The plaintiff alleges that the defendant is not the lawful tax collector for the year 1896, and that he has no right to collect the taxes for that year, because the county commissioners have allowed him to receive from them the tax list for 1896 for collection without his having settled the taxes for 1895, and produced a receipt therefor, which he says the commissioners had no jurisdiction, right or power to do. The motions for a restraining order and injunction were refused by *Judge Bryan* upon the hearing and the plaintiff appealed.

There was no error in the ruling of his Honor. By Section 76, Chapter 119 of the Acts of 1895, injunctions are prohibited for the purposes of restraining the collection of any tax, or restraining the sale of any property for the non-payment of any tax, except such tax as has been levied or assessed for an illegal or unauthorized purpose, or except the tax be illegal or invalid, or the assessment be illegal and invalid. The plaintiff can raise no objection to the collection of the taxes due by him for 1896. The

commissioners have the right and power, and they are required by law, to refuse to deliver the tax list for any year to a former tax collector until he has paid in the taxes for the preceding year and produced a receipt therefor ; and they ought to conform to this requirement of the law.   But if they do not it is a matter with which the taxpayer has no right to interfere in an action of the nature of this.

No Error.