TOWN OF ANDREWS ET AL. v. CLAY COUNTY ET AL.

(Filed 27 January, 1931.)

**Taxation B d—Property lawfully owned by city is exempt from taxation regardless of county in which property is situate.**

When property is lawfully acquired by an incorporated town it is free from the burden of taxation by State or county by the express provisions of our State Constitution, Article V, section 5, regardless of the purpose for which it is used, and *held:* where a town acquires lands in another county of the State for the purpose of generating electricity thereon for the use of its inhabitants and others, the property is exempt from taxation by the county in which the land is situate, and statutes that provide that the property must be wholly for public or school purposes in order to exempt it from taxation are void if in conflict with the constitutional provision to the extent of such conflict, the constitutional provision being self-executing.

APPEAL by defendants from *MacRae, Special Judge,* at September-October Term, 1930, of CLAY. Affirmed.

This is an action to restrain and enjoin the defendants, Clay County and the sheriff and tax collector of said county, from collecting or attempting to collect taxes levied by Clay County, for the years 1925, 1926, 1927, 1928, and 1929, on property located in said county and owned during said years by the plaintiff, town of Andrews, on the ground that said property was exempt during said years from taxation, under the provisions of section 5 of Article V of the Constitution of North Carolina.

The town of Andrews is a municipal corporation, organized and existing under the laws of this State, and located in Cherokee County.

The property on which taxes were levied by the defendant, Clay County, for the years 1925, 1926, 1927, 1928, and 1929, consists of 205 acres of land. The said land was owned and used by the plaintiff during said years as the site of a power plant for the generation of electricity,

which was transmitted over wires from said power plant in Clay County to the town of Andrews in Cherokee County and there used by said town of Andrews for lighting its streets and municipal buildings, and for distribution among the citizens of said town, for domestic and commercial purposes. The revenue derived from the distribution and sale of electricity to citizens of said town was used to pay the expense of maintaining and operating its electric light and power plant. The town of Andrews purchased the land in Clay County and constructed its power plant thereon under the authority of an act of the General Assembly of this State. It paid for said land and .for the construction of said power plant out of funds raised by the issuance and sale of its municipal bonds.

The action was heard on motion of plaintiffs for judgment on the facts admitted in the pleadings as above stated. This motion was allowed.

From judgment declaring that the levy of taxes by the defendant, Clay County, for the years 1925, 1926, 1927, 1928 and 1929, on the property described in the complaint, was illegal and void, and restraining and enjoining the defendants, permanently, from collecting or attempting to collect said taxes, or any part thereof, defendants appealed to the Supreme Court.

*Dillard & Hill for plaintiffs.*
*R. L. Phillips, J. B. Gray and W. C. Wakefield for defendants.*

CONNOR, J. Section 5 of Article V of the Constitution of North Carolina, adopted by the people of this State in 1868, is as follows:

"Property Exempt from Taxation. Property belonging to the State or to municipal corporations, shall be exempt from taxation.

"The General Assembly may exempt cemeteries, and property held for educational, scientific, literary, charitable or religious purposes; also wearing apparel, arms for muster, household and kitchen furniture, the mechanical and agricultural implements of mechanics and farmers; libraries, and scientific instruments, or any other personal property, to a value not exceeding three hundred dollars."

The Machinery Acts enacted by the General Assembly of this State, under which property, both real and personal, was assessed for taxation for the years 1925, 1926, 1927, 1928, and 1929, each, contain a section in words as follows:

"The following real property and no other shall be exempted from taxation:

"(1) Real property, directly or indirectly owned by the United States or this State, however held, and real property lawfully owned and held

by counties, cities, townships or school districts, used wholly and exclusively for public or school purposes."

The defendants contend that under the provisions of the machinery acts in force during the years 1925, 1926, 1927, 1928, and 1929, the real property described in the complaint, although lawfully owned by the plaintiff, a municipal corporation, during said years, was not exempt from taxation by Clay County, for the reason that the said property was not owned and used by said municipal corporation wholly and exclusively for public purposes. The plaintiffs contend that notwithstanding the language used in the statutes with respect to the exemption of property owned by municipal corporations from taxation, the said property was exempt from all taxation by the State, or by any of its political subdivisions, during the years 1925, 1926, 1927, 1928, and 1929, by the express language of section 5 of Article V of the Constitution of North Carolina.

The provision in the first clause of section 5 of Article V of the Constitution of North Carolina, by which property belonging to or owned by a municipal corporation, is exempt from taxation, is self-executing, and by its own force, without the aid of legislation, exempts such property from taxation by the State or by the political subdivision of the State in which it is located, because of its ownership, and without regard to the purpose for which such property was acquired and held by the corporation. With respect to such property, when lawfully acquired and held by statutory authority, new or additional conditions cannot be imposed by the General Assembly as prerequisites for its exemption from taxation. 37 Cyc., p. 886. The language of the constitutional provision is so clear and unambiguous that there is no room for judicial construction. The fact that social, economic and political conditions in this State have undergone great changes since the adoption of our present Constitution, resulting in an enlargement of the functions of municipal corporations to meet the requirements of changed conditions, would not justify a construction of this provision which would in effect result in its amendment by the courts and not by the people.

If required to adopt the construction of the sections of the machinery acts relied on by the defendants in the instant case, in support of their contention that by virtue of said sections, property belonging to or owned by a municipal corporation is not exempt from taxation by the State or by the political subdivision of the State in which such property is located, unless such property is held wholly and exclusively for a public purpose, we should hold that said section of the machinery acts, insofar as they have that effect, are unconstitutional and void.

Considerations of policy urged by defendants in support of their contention on this appeal can have no place in the decision of the question involved in this case. When the General Assembly creates a municipal corporation, and by statute authorizes such corporation to acquire and hold property located anywhere in this State, such property, by constitutional provision, is exempt from taxation not only by the State, but also by any of its political subdivisions. The quality of exemption attaches to such property, as soon as it is lawfully acquired and remains with such property so long as it is owned by the corporation, without regard to the purpose for which it was acquired or was held.

There is no error in the judgment in the instant case. It is
Affirmed.