CONNOR, J., concurring.
STACY, C. J., dissenting.
SCHENCK, J., concurs in this dissent.
CLARKSON, J., dissenting.
This was a controversy without action, submitted upon the following agreed statement of facts:
"1. That the town of Weaverville is a municipal corporation, created and existing under and by virtue of the laws of North Carolina, and is located within Buncombe County in said State.
"2. That Graham K. Hobbs is Commissioner of the North Carolina World War Veterans Loan Fund.
"3. That prior to and on 20 August, 1928, C. E. Hornaday and wife, Louise M. Hornaday, were owners in fee simple of the following described piece, parcel, or lot of real estate, located within the limits of the town of Weaverville: (Description omitted.)
"4. That on said date C. E. Hornaday and wife, Louise M. Hornaday, procured a loan of $3,000 from the North Carolina World War Veterans Loan Fund, and on said date, for the purpose of securing said loan of *Page 685 
money, executed and delivered to the Citizens National Bank of Raleigh, trustee, a deed of trust, conveying the above described piece, parcel, or lot of land, which deed of trust is recorded in the office of the register of deeds for Buncombe County, North Carolina, in Deed of Trust Book 300, on *page 101. 
"5. That on 30 December, 1932, after default by the said C. E. Hornaday and wife, Louise M. Hornaday, in the terms, conditions, and stipulations contained in said deed of trust, the property was foreclosed by the North Carolina Bank Trust Company, successor trustee, and was conveyed by the said successor trustee to the State of North Carolina by a trustee's deed, which is duly recorded in the office of the register of deeds for Buncombe County, North Carolina, in Deed Book 456, on page 5. That the State of North Carolina is now the owner of said property, the same being held by the said State for the use and benefit of the World War Veterans Loan Fund, created under chapter 155, Public Laws of 1925, as amended by chapter 97, Public Laws of 1927, chapter 298, Public Laws of 1929, chapter 55, Public Laws of 1933, chapter 438, Public Laws of 1935.
"6. That immediately after the foreclosure of the herein described real estate, the defendant paid all taxes due to the town of Weaverville which had been assessed and which had accrued against C. E. Hornaday and wife, the former owners of said property, for the year 1932, and prior years. That for the year 1933, and subsequent years, the State of North Carolina and the defendant, and his predecessors in office, have not listed the said real property for taxation in Buncombe County, contending that said property, while owned by the State of North Carolina, for the purposes aforesaid, was totally exempt from all ad valorem taxation by the said county and the town of Weaverville. That said property has not been listed or assessed for taxation by Buncombe County or by the town of Weaverville for the years 1933, 1934, 1935, and 1936, the said property should have been listed and assessed for taxation by Buncombe County at a valuation of $2,000, and the town of Weaverville was entitled to list and assess the property for taxation for each of said years at a valuation of $2,000, and subjected to tax at rates levied by said town of Weaverville for each of said years as follows: 1933 — $1.00; 1934 — $1.00; 1935 — $1.18; 1936 — $1.20; for each $100.00 value of said property, and in the event it is determined herein that said property was subject to taxation for the said years, the defendant is indebted to the plaintiff town of Weaverville, for taxes for all of said years, the total sum of $87.50, which said amount is the net sum of said taxes, without addition thereto of penalties and interest.
"7. That located on said lot of land is a five-room dwelling that is, and has been from time to time since said property was acquired by the State *Page 686 
of North Carolina, for the use and benefit of the World War Veterans Loan Fund, rented to private parties, and that the defendant has from time to time collected rents on said property since the same was conveyed to the State of North Carolina on 30 December, 1932, all of which rent so collected has been held and applied by the State of North Carolina for the exclusive use and benefit of the World War Veterans Loan Fund hereinbefore mentioned."
CONTENTIONS OF THE PARTIES.
"1. The plaintiff contends that under the facts herein stipulated and agreed upon, the property of the defendant herein described is not exempt from taxation.
"2. The defendant contends that the property herein described is exempted from taxation.
"That if from the foregoing statement of facts and contentions of the parties, the court is of the opinion that the said property is exempt from taxation by the plaintiff town of Weaverville for the years 1933, 1934, 1935, and 1936, the court shall so adjudge and declare; but if the court is of the opinion that said property is subject to taxation by the town of Weaverville for the years 1933, 1934, 1935, and 1936, the court shall adjudge and declare that the said property shall be listed for taxation by the board of commissioners of Buncombe County, North Carolina, for said years at the valuation hereinbefore recited, and that the tax shall be assessed on said property amounting to the total sum hereinbefore recited, without addition of penalties or costs, to be divided among said years in accordance with the amounts determined from the rates of tax levied in each of said years by the plaintiff, the town of Weaverville."
Upon these facts, the court below adjudged that the described property was exempt from taxation by the plaintiff. The plaintiff appealed.
This appeal presents for review the ruling of the court below that, upon the facts stipulated and agreed by the parties, the property described is exempt from taxation by the town of Weaverville.
The statement of agreed facts contains this admission: "That the State of North Carolina is now the owner of said property, the same being held by the said State for the use and benefit of the World War Veterans Loan Fund." The title to the property was conveyed by deed to the State of North Carolina, and is now so held. The act of the General Assembly of North Carolina which created this fund and made *Page 687 
provision for its administration (ch. 155, Public Laws of 1925) was considered by this Court in Hinton v. State Treasurer, 193 N.C. 496,137 S.E. 669, and it was there held, Clarkson, J., speaking for the Court, that the act was for a public purpose of the State, and that the issue of the bonds of the State and the pledge of its taxing power therefor were constitutional and valid.
The Constitution of North Carolina contains this mandatory provision, Art. V, sec. 5: "Property belonging to the State, or to municipal corporations, shall be exempt from taxation."
The fund created and set apart by the State, under the Act of 1925, for the worthy purpose of assisting World War veterans in the acquisition of homes, belongs to the State. The mortgages and deeds of trust, representing loans made pursuant to the statute, belong to the State, and equally real property acquired by the State by reason of the foreclosure of one of its deeds of trust, and conveyed by deed to the State, belongs to the State, and therefore comes directly within the letter and the purpose of the constitutional prohibition against taxation of "property belonging to the State." Whether the real property, the subject of this controversy, is used directly by the State, or the rents derived therefrom are held and applied by the State as additions to the State's Veteran Loan Fund, is immaterial since its use is exclusively for governmental purposes. The rents from such property, while owned by the State, would be in the same category with interest collected on outstanding loans.
In Andrews v. Clay County, 200 N.C. 280, 156 S.E. 855, Connor, J., writing the opinion of the Court, uses this language: "The provision in the first clause of section 5 of Article V of the Constitution of North Carolina, by which property belonging to or owned by a municipal corporation, is exempt from taxation, is self-executing, and by its own force, without the aid of legislation, exempts such property from taxation by the State or by the political subdivision of the State in which it is located, because of its ownership, and without regard to the purpose for which such property was acquired and held by the corporation. With respect to such property, when lawfully acquired and held by statutory authority, new or additional conditions cannot be imposed by the General Assembly as prerequisites for its exemption from taxation. 37 Cyc., p. 886. The language of the constitutional provision is so clear and unambiguous that there is no room for judicial construction. The fact that social, economic, and political conditions in this State have undergone great changes since the adoption of our present Constitution, resulting in an enlargement of the functions of municipal corporations to meet the requirements of changed conditions, would not justify a construction of this provision which would in effect result in its amendment by the courts and not by the people. *Page 688 
"If required to adopt the construction of the sections of the machinery acts relied on by the defendants in the instant case, in support of their contention that by virtue of said sections property belonging to or owned by a municipal corporation is not exempt from taxation by the State or by the political subdivision of the State in which such property is located, unless such property is held wholly and exclusively for a public purpose, we should hold that said sections of the machinery acts, in so far as they have that effect, are unconstitutional and void."
The facts upon which the decision of this Court in Board of FinancialControl v. Henderson County, 208 N.C. 569, 181 S.E. 636, and Benson v.Johnston County, 209 N.C. 751, 185 S.E. 6, were based, are distinguishable from those in the case at bar. Chapter 445, Acts of 1933, sec. 2, and chapter 371, Acts of 1935, sec. 2 (codified in Michie's North Carolina Code as section 7880 [2]), refer to inheritance and estate taxes imposed by the State.
In R. R. v. Comrs. of Carteret, 75 N.C. 474, cited by plaintiff, it was held that Art. V, sec. 5, of the Constitution did not exempt the physical property of the Atlantic and North Carolina Railroad Company from taxation, although the State of North Carolina owned a majority of the capital stock of the corporation. The decision in that case was addressed to a question materially different from the one presented here.
In 101 A.L.R., 783, where the case of Board of Financial Control v.Henderson County, supra, is reported, will be found annotations collecting authorities from other jurisdictions on this subject.
We conclude that the learned judge who heard this case below has correctly decided the question presented, and that the judgment must be
Affirmed.