## CITY OF WINSTON-SALEM v. FORSYTH COUNTY.

(Filed 8 June, 1940.)

**Taxation § 19—**

> Improved and unimproved property bought in by a municipality to protect its tax and street assessment liens, and held by it solely for the purpose of favorable resale, the improved property being rented out, *is held* subject to *ad valorem* taxes levied by the county in which the property is situated.

APPEAL by plaintiff from *Nettles, J.,* at April Term, 1940, of FORSYTH.

Civil action to recover *ad valorem* taxes paid under protest, and alleged to have been wrongfully and illegally collected.

A jury trial was waived and the matter submitted to the court under stipulation of the parties.

The city of Winston-Salem, in order to protect its tax and street assessment liens, has from time to time during the past ten years purchased at such foreclosure sales a number of lots or pieces of real estate, some of which are improved and rented out; and others are unimproved and vacant. All are held by the city awaiting favorable resale. None is expected to be used for a public purpose, unless the holding of it for resale is for a public purpose within the meaning of the law.

Taxes were levied against the properties by Forsyth County for the years 1937 and 1938, amounting in the aggregate, with penalties, to $1,733.03. Payments were made under protest. Demand for refund duly filed, and this suit is to recover back the taxes on the ground that the properties are exempt by law from the payment of taxes to Forsyth County.

From judgment denying recovery or refund of the taxes, this appeal is prosecuted.

*Manly, Hendren & Womble, I. E. Carlyle, and W. F. Womble for plaintiff.*

*Fred S. Hutchins and H. Bryce Parker for defendant.*

STACY, C. J. The judgment will be affirmed on authority of what was said in *Benson v. Johnston County,* 209 N. C., 751, 185 S. E., 6, and *Warrenton v. Warren County,* 215 N. C., 342, 2 S. E. (2d), 463. The divergent views of the law upon the subject were fully set forth in these cases, "and it is not deemed necessary to beat the same old bush with the same old stick to run out the same old rabbit for another chase," as was graphically expressed by the late *Justice Brogden* in *Meece v. Credit Co.,* 201 N. C., 139, 159 S. E., 17.

Affirmed.