REDEVELOPMENT COMMISSION OF HIGH POINT v. GUILFORD COUNTY AND CITY OF HIGH POINT

No. 687

(Filed 11 December 1968)

**1. Taxation § 19— exemption from taxation — property of State and municipal corporations**

The provision of Article V, § 5, of the N. C. Constitution which exempts

from taxation property belonging to the State and to municipal corporations is self-executing.

**2. Municipal Corporations § 4;   Taxation § 21—   exemption from taxation — municipal redevelopment commission**

A municipal redevelopment commission created pursuant to G.S. Ch. 160, Art. 37, is a municipal corporation for the purpose of tax exemption.

**3. Taxation § 38—   remedy of taxpayer against collection of tax**

Ordinarily, the rule that the sovereign may not be denied or delayed in enforcement of its right to collect revenues applies to municipalities and every subdivision of state government, and when a tax is levied against a taxpayer he must pay it under protest and sue for recovery after he has exhausted all existing administrative remedies.

**4. Taxation § 36—   injunction — when available**

Injunction will lie to restrain the collection of a tax which is itself illegal or invalid.

**5. Taxation § 36—   injunction — property allegedly exempt from taxation**

Injunction is a proper remedy where the taxpayer contends the taxing body is without authority to impose the tax because of the constitutional provision exempting from taxation property belonging to the State and municipal corporations.

**6. Taxation § 21—   property of State or municipality — requisites for exemption from taxation**

In order for property acquired and held by the State or a municipality to be exempt from taxation under Article V, § 5, N. C. Constitution, it must be held for a public or governmental purpose.

**7. Taxation § 21—   determination of whether State or municipal property is exempt**

The facts and circumstances of each case determine whether there is such public purpose as to bring the State or municipal corporation within the claimed exemption.

**8. Taxation § 21—   exemption of State or municipal property — primary use controls**

In determining whether or not property falls within a tax exemption provision, the primary or dominant use, and not an incidental or secondary use, will control.

**9. Taxation § 21—   incidental revenue from State or municipal property**

Where the primary and principal use to which property is put is public, the mere fact that an income is incidentally derived from it does not affect its character as property devoted to public use.

**10. Pleadings § 19—   effect of demurrer**

A demurrer admits, for the purpose of testing the sufficiency of the pleading, well-stated allegations of fact and relevant inferences of fact reasonably deducible therefrom.

**11. Taxation §§ 21, 36— municipal redevelopment commission — action to restrain collection of tax — sufficiency of complaint — incidental revenue derived from property**

In an action to restrain the collection of municipal and county ad valorem taxes levied upon property held by plaintiff municipal redevelopment commission on the ground that the property is exempt from taxation under Art. V, § 5, N. C. Constitution, plaintiff's complaint *is held* to state a cause of action for injunctive relief where it alleges sufficient facts to show that all property held by plaintiff was acquired and held primarily for governmental and public purposes according to a definitely evolved plan to use the property for the public, and that income derived from the property was incidental and secondary to the dominant public use.

**12. Taxation § 36— injunction to prevent tax collection — pleadings**

When a plaintiff seeks the equitable relief of injunction, his pleadings should be full in alleging facts necessary to show the illegality or invalidity of the tax.

APPEAL by plaintiff from decision of the Court of Appeals (1 N.C. App. 512, 162 S.E. 2d 108) filed 10 July 1968, reversing judgment of the Superior Court of GUILFORD County April 1968 Regular Session, High Point Division.

On 27 February 1968 plaintiff instituted this action against defendants to restrain the collection of ad valorem taxes upon real property acquired and held by plaintiff.

Plaintiff alleged in his complaint that it is a duly created redevelopment commission, existing under the provisions of Article 37, Chapter 160, of the General Statutes of North Carolina. Plaintiff is engaged in the public business for which it was created and organized and has acquired fee simple title to certain real property for the purposes of redevelopment pursuant to Article 37, Chapter 160, of the General Statutes, consisting of the following basic types: (1) improved income-producing, (2) improved non-income-producing, and (3) unimproved income-producing, and (4) unimproved nonincome-producing. While obtaining relocation sites for the occupants of the properties so acquired and held by it, it is necessary for plaintiff to collect the income which the properties produce. It is further alleged that defendants have illegally assessed and levied and are attempting to collect ad valorem taxes upon property owned and held by plaintiff.

Each defendant demurred to the complaint. The trial court held that the complaint failed to state facts sufficient to constitute a cause of action, for the reason that the properties held by plaintiff were not, as a matter of law, exempt from ad valorem taxes. Plaintiff appealed to the North Carolina Court of Appeals. That Court ad-

judged that the nonincome-producing property held by plaintiff was exempt from taxation and that the income-producing property was subject to ad valorem taxes, and thereupon reversed the judgment sustaining the demurrers.

Plaintiff appealed to this Court under provisions of G.S. 7A-30(1).

*Haworth, Riggs, Kuhn and Haworth for plaintiff.*

*David I. Smith for defendant Guilford County.*

BRANCH, J.

The question presented to this Court for decision is: Did the Court of Appeals err in holding as a matter of law that real property acquired and held for redevelopment pursuant to the North Carolina Urban Redevelopment law is not exempt from taxation if it produces income?

[1]     Appellant claims this exemption from taxation under provisions of Article V, Section 5 of the North Carolina Constitution, which in pertinent part provides: "Property belonging to the State or to municipal corporations, shall be exempt from taxation." This provision of the Constitution is self-executing. *Piedmont Memorial Hospital v. Guilford County,* 218 N.C. 673, 12 S.E. 2d 265.

[2]     The Court of Appeals correctly held that appellant is a municipal corporation for the purpose of tax exemption. *Redevelopment Commission v. Security Nat'l Bank,* 252 N.C. 595, 114 S.E. 2d 688; *Mallard v. Housing Authority,* 221 N.C. 334, 20 S.E. 2d 281; *Wells v. Housing Authority,* 213 N.C. 744, 197 S.E. 693. We note in this connection that appellee concedes, and properly so, that appellant was created and exists for a public purpose.

Appellee maintains that in this case injunction is an improper procedure for determining whether plaintiff is exempt from the tax.

G.S. 105-281 provides: "All property, real and personal, within the jurisdiction of the State, not especially exempted, shall be subject to taxation."

[3-5]     Ordinarily, the rule that the sovereign may not be denied or delayed in the enforcement of its right to collect revenues applies to municipalities and every subdivision of state government, and when a tax is levied against a taxpayer he must pay same under protest and sue for recovery after he has exhausted all existing administrative remedies. *Bragg Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918.

G.S. 105-406 reads as follows:

> "*Unless a tax or assessment, or some part thereof, be illegal or invalid, or be levied or assessed for an illegal or unauthorized purpose,* no injunction shall be granted by any court or judge to restrain the collection thereof in whole or in part, nor to restrain the sale of any property for the nonpayment thereof; . . ." (Emphasis ours)

This statute and our case law recognize a distinction between an erroneous tax and an illegal or invalid tax. An illegal or invalid tax results when the taxing body seeks to impose a tax without authority, as in cases where it is asserted that the rate is unconstitutional, *Perry v. Commissioners of Franklin County*, 148 N.C. 521, 62 S.E. 608, or that the subject is exempt from taxation, *Southern Assembly v. Palmer*, 166 N.C. 75, 82 S.E. 18. Injunction will lie when the tax or assessment is itself invalid or illegal. *Purnell v. Page*, 133 N.C. 125, 45 S.E. 534; *Sherrod v. Dawson*, 154 N.C. 525, 70 S.E. 739; *Wynn v. Trustees of Charlotte Community College*, 255 N.C. 594, 122 S.E. 2d 404. Here, the equitable remedy of injunction is proper since appellant contends that the taxing body is without authority to impose the tax because of the constitutional exemption.

[6] In applying this constitutional exemption this Court for a period of years developed two divergent viewpoints: (1) that property held by the State or a municipality is exempt without regard to the purpose for which it was acquired and held. *Weaverville v. Hobbs*, 212 N.C. 684, 194 S.E. 860; *Andrews v. Clay County*, 200 N.C. 280, 156 S.E. 855. (2) In order for the exemption to apply to property acquired and held by the State or a municipality, the property must be held for public or governmental purposes. *Winston-Salem v. Forsyth County*, 217 N.C. 704, 9 S.E. 2d 381; *Warrenton v. Warren County*, 215 N.C. 342, 2 S.E. 2d 463; *Wells v. Housing Authority, supra; Benson v. Johnston County*, 209 N.C. 751, 185 S.E. 6; *Board of Financial Control v. Henderson County*, 208 N.C. 569, 181 S.E. 636; *Atlantic & N. C. R. R. v. Board of Comm'rs.*, 75 N.C. 474.

[6] The decided current of authority follows, and we think correctly so, the view of the latter line of cases. We deem it necessary to briefly review these controlling decisions.

In *Atlantic & N. C. R. R. v. Board of Comm'rs., supra*, the Court, in holding that the provisions of the North Carolina Constitution which provided that "property belonging to the State shall be exempt

from taxation" did not embrace the interest of the State in such enterprises as the operation of railroads, said:

> "The Capitol is not taxed because the State would be paying out money just to receive it back again, less the expenses of handling it. And if taxed for local purposes it would to that extent embarrass the State government.
>
>          . . .
>
> "But where the State steps down from her sovereignty and embarks with individuals in business enterprises, the same considerations do not prevail. . . .
>
> "(W)e do not think the exemption in the Constitution embraces the interest of the State in business enterprises, but applies to the property of the State held for State purposes."

In the case of *Benson v. Johnston County, supra,* the plaintiff, a municipality, acquired certain property within its corporate limits by tax foreclosure. After acquisition of the property, the municipality rented the property and received rents therefrom. The county levied an ad valorem tax against the property, and the municipality contended that the property was exempt from taxation from the date the municipality acquired the title, relying on Article V, Section 5 of the North Carolina Constitution, and N. C. Code §§ 7880(2), (177) (Michie 1935). The Court held that the property was liable for county taxes, since it was not used by the city for governmental purposes, and stated:

> "We think that the question involved in this controversy was settled in *Board of Financial Control v. Henderson County,* 208 N.C. 569, (571-2) where it is said: 'So the question in this controversy narrows itself down: Can the City of Asheville, a municipal corporation, acquire business property in another county, hold and rent it without the payment of taxes in that county? We think not. The property is not held or used for any governmental or necessary public purpose, but for purely business purposes.'"
>
> Quoting with approval from the case of *Village of Watkins Glen v. Hager,* 252 N.Y.S. 146, the Court stated: " 'It is manifest there are two classes of property of municipal corporations exempt from taxation. First is that class of property held for public use, in that it is used in connection with the operation of the functions of government, such as municipal buildings; second, that class of property held for a public use, in that it is for the benefit of the people for their free use, and enjoyment, such

as parks, playgrounds, athletic fields, art museums, and public uses of a similar nature.

" 'When the municipal corporation, however, acquires and holds property without devoting the same to either class of purpose, it is simply held without use. The fact that it is to a certain extent used for the purpose of producing income, *when there is no definite plan evolved for its use* by or for the public, cannot reasonably be said to constitute holding for a public use. . . .' (Emphasis ours)

. . . . .

"There is no evidence in the record of this case indicating that the Town of Benson ever had any intention of devoting the lands purchased under tax foreclosure proceedings for a public purpose. The lands were rented, and the town received the rental income. They were held for sale, and the present action was brought because of bidders for the property. The only suggestion of a public purpose or public use is that the purchase of the tracts was necessary to protect the town's tax liens. Having done that, the town held the lands as would any other purchaser, renting the property as a private individual would have done, and now it proposes to sell the lands, as any private individual purchaser might have done."

In the case of *Warrenton v. Warren County, supra,* the facts show that the defendant municipality acquired a hotel within its corporate limits by purchase under a foreclosure sale, in order to protect an investment which had been made in the hotel corporation by the Town of Warrenton. In holding that the provisions of Article V, Section 5 of the State Constitution applied to State or municipal property which is used for a governmental or public purpose, and that the property of the defendant municipality used for business purposes was not exempt from taxation by the county, the Court stated:

"The property is neither held for nor used for governmental or necessary public purposes, but merely for business purposes, and in competition with any other hotel that may be established in the town of Warrenton or vicinity. 'If a municipal corporation can go into a rental business and escape taxation, it would have a special privilege not accorded to others who are in a like business.' *Board of Financial Control v. Henderson County, supra.*"

*Wells v. Housing Authority, supra,* involves a "municipal corporation" so nearly akin to appellant in purpose and structure that

we consider its holding very persuasive. In that case defendant Housing Authority was created pursuant to Chapter 456 of the Public Laws of 1935 for the purpose of protecting low-income citizens from unsafe or unsanitary conditions by providing for them low cost rental dwellings and apartments. The Court held defendant Housing Authority to be such a "municipal corporation" as is exempt from state, county and municipal taxation by virtue of Article V, Section 5 of the North Carolina Constitution, and that the property held by it for rental purposes was held for a public purpose. It is to be noted that even though income was presumably derived from the rental of the property held by defendant Housing Authority, the property was declared by the Court to be exempt from taxation.

The cases cited as controlling authority reached differing results as to whether the tax exemption applied. However, differing results do not necessarily do violence to the rule of law when there are factual differences. The cases of *Benson v. Johnston County, supra,* and *Warrenton v. Warren County, supra,* are easily distinguishable. In the instant case the allegations of the complaint show acquisition of property with intent to use for a public purpose, a definite plan evolved for its use for the public, and an actual public use of the property. In *Benson v. Johnston County, supra,* and *Warrenton v. Warren County, supra,* neither acquisition with intent to use for public purpose nor a definitely evolved plan for public use was shown. It was shown that the property was held for strictly business purposes. The same distinctions apply between this case and the cases of *Atlantic & N. C. R. R., v. Board of Comm'rs, supra, Board of Financial Control v. Henderson County, supra,* and *Winston-Salem v. Forsyth County, supra.* Conversely, applying the same principles of law to the factual situation of *Wells v. Housing Authority, supra,* and *Mallard v. Housing Authority, supra,* the Court found that the exemption did apply.

[7] A definition of public purpose sufficient to fit all fields of the law and all factual situations is not possible. In Black's Law Dictionary 1394 (4th Ed. 1957), we find the following:

> "In the law of taxation, eminent domain, etc., this is a term of classification to distinguish the objects for which, according to settled usage, the government is to provide, from those which, by the like usage, are left to private interest, inclination, or liberality. . . . The term is synonymous with governmental purpose. . . . A public purpose or public business has for its objective the promotion of the public health, safety, morals,

general welfare, security, prosperity, and contentment of all the inhabitants or residents within a given political division,. . . ."

The facts and circumstances of each case determine whether there is such public purpose as to bring the State or municipal corporation within the claimed exemption. For example, the purposes for which the municipal corporation was created, whether it has departed from the protected area of immunity, or if the reason for its immunity has ceased to exist, should be considered.

We observe, parenthetically, that the word "necessary" used by some of the authorities herein cited seems to be without significance in describing a public purpose in the context of this tax exemption.

[8] · In determining whether or not property falls within a tax exemption provision, the primary or dominant use, and not an incidental or secondary use, will control. *Iota Benefit Ass'n. v. County of Douglas*, 165 Neb. 330, 85 N.W. 2d 726; 51 Am. Jur., Taxation § 539 (1944). An exemption of the entire property may be allowed notwithstanding an intermingled private use, when the latter use is only incidental. 51 Am. Jur., Taxation § 576 (1944).

[9] The general rule is stated at Annot., 3 A.L.R. 1439, 1445 (1919) as follows: "(W)here the primary and principal use to which property is put is public, the mere fact that an income is incidentally derived from it does not affect its character as property devoted to public use."

It would seem unreasonable and to the obvious detriment of the taxpayer that property primarily used for a public purpose and incidentally producing income should be reduced to nonincome-producing property in order to maintain its tax exempt status while the property is necessarily held by a municipality in order to carry out its public purpose.

[10] In applying the rules herein set forth it must be borne in mind that this case is before us on demurrers and that for the purpose of testing the sufficiency of the pleading the well-stated allegations of fact and relevant inferences of fact reasonably deducible therefrom are admitted to be true, and the pleading must be liberally construed so as to give the pleader the benefit of every reasonable intendment in his favor. *Glover v. Brotherhood of Ry. Employees*, 250 N.C. 35, 108 S.E. 2d 78.

[11] We hold that plaintiff alleged sufficient facts from which it might be reasonably inferred that all of the property held by appellant was acquired and. held primarily for governmental and public

purposes according to a definitely evolved plan to use the property for the public. The collection of rent while the property was being held for a public or governmental purpose was incidental and secondary to the dominant public use and did not remove it "from the city hall" to "the market place."

**[12]**   When a plaintiff seeks the equitable relief of injunction, his pleadings should be full in alleging facts necessary to show the illegality or invalidity of the tax. *McDonald v. Teague,* 119 N.C. 604, 26 S.E. 158. Here, although plaintiff's pleadings meet minimum requirements, it would be well advised to move to amend its pleadings to the end that it might more fully allege facts as to the acquisition and use of the property.

The Court of Appeals erred in holding, as a matter of law, that the income-producing property held and acquired for redevelopment purposes was not exempt from taxation because it produced income. The demurrers should have been overruled.

Modified and affirmed.