R. U. BARBER AND W. R. DENNING, PARTNERS, ASSOCIATED UNDER THE FIRM NAME OF BARBER & DENNING, v. THE TOWN OF BENSON.

(Filed 29 April, 1931.)

**Taxation E b—In this case held: injunctive relief against collection of taxes would lie.**

Although injunctive relief against the collection of taxes will not ordinarily lie unless the tax itself is illegal or invalid, the remedy of the person assessed being to pay the tax under protest and bring action for its recovery, if circumstances are shown sufficient to invoke the aid of a court of equity, injunctive relief may be had, and in this case the evidence being to the effect that the defendant town had levied a tax under C. S., 7971 (56) on personal property of a partnership doing business therein, and had thereafter agreed with the partners that they were not liable therefor for the reason that they lived outside the corporate limits, and had not made further demand therefor until two years later when it undertook to compel the plaintiffs to pay back taxes for a period of five years: *Held*, sufficient to support the intervention of a court of equity, and judgment dissolving a temporary injunction is error.

CIVIL ACTION, before *Devin, J.,* at November Term, 1930, of JOHNSTON.

The plaintiffs are partners, and one of the partners lives in Elevation Township, in Johnston County, and the other in Averasboro Township, said county, both residing outside the corporate limits of the town of Benson. During the year 1930 the defendant town levied a tax on the personal property of plaintiffs, consisting principally of solvent credits, for the years 1925, 1926, 1927, 1928, 1929, and 1930. The amount of tax thus levied was $1,949.91.

The town, in order to collect said tax, advertised the real estate of one of the partners situated within the corporate limits of the town, and thereupon the plaintiffs instituted this action to restrain the sale of said property for said taxes, alleging that the personal property of the partnership was not subject to the tax, and hence the levy was illegal and unauthorized. Plaintiffs further allege that during the year 1928 the personal property of the partnership was listed for taxation and demand made for the payment of same, and that plaintiffs "immediately took the matter up with the legal department of the town of Benson, and it was then and there decided that said property was not properly listable in the town of Benson, and the tax and its assessment was thereupon annulled; and the plaintiffs had no further demand from the defendant town until during the present year of 1930, when the personal property of the plaintiff copartnership was illegally assessed as hereinbefore set out."

The town filed an answer denying the allegations of the complaint and alleging that while the partners might live outside of the town, yet the business was conducted within the town, and hence the plaintiffs were liable for the tax by reason of the provisions of C. S., 7971(56). A temporary injunction was granted until the hearing. The cause was submitted to W. A. Devin, Judge presiding, who rendered judgment dissolving the restraining order upon the ground that it appeared "to the court that this is an action to restrain the sale of said property for taxes alleged to be due by the firm of Barber & Denning; and it further appearing that the only question presented by the pleadings is the situs of the property taxes; it is the opinion of the court that the plaintiffs are not entitled to the injunctive relief prayed for," etc.

From the foregoing judgment the plaintiffs appealed.

*Ezra Parker and Clifford & Williams for plaintiffs.*
*W. H. Strickland and J. E. Johnson for defendant.*

BROGDEN, J. The pleadings and the judgment produce the following question of law: Was it the duty of plaintiffs to pay the tax under protest and sue to recover same, or was injunction an available remedy?

C. S., 7971(56) provides in part, "for the purpose of assessing property and collecting taxes. Copartnership shall be treated as an individual and property shall be listed in the name of the firm. A copartnership shall be deemed to reside in the township, town or city where its business is principally carried on. Each partner shall be liable for the whole tax."

The plaintiffs contend that injunction was the proper remedy to pursue, and the defendant, upon the other hand, contends that plaintiffs were required to pay the tax under protest and sue for recovery. The contentions so made may be solved by an application of the principle announced in *Sherrod v. Dawson,* 154 N. C., 525, or *Ragan v. Doughton,* 192 N. C., 500.

Personal property ordinarily follows the person, but our statute above referred to provides that the situs of partnership property is the place "where its business is principally carried on." Referring to the taxing of solvent credits, the Court in *Sherrod v. Dawson, supra,* said: "Property of this character is subject to taxation only where the true owner resides. The legality of either tax can only be determined when the residence of the real owner shall be ascertained and fixed by the jury." All authorities agree that an injunction will lie to restrain the collection of a tax "if the tax itself be illegal or invalid." Therefore, the ruling of the Court in the *Sherrod case* relates the legality of the tax

to the residence of the real owner and would seem to be determinative of the legal question involved in this case.

The *Ragan case, supra,* proceeds upon the theory that the taxpayer had no basis for resisting the payment of the tax except upon the ground that he did not come within the class taxed, and hence ordinarily "in the absence of circumstances sufficient to invoke the aid of a court of equity, his remedy . . . is paying it under protest and then suing to recover it back." Conceding, then, that the *Ragan case* applies, are there any circumstances in the case at bar "sufficient to invoke the aid of a court of equity?"

It was alleged that in 1928 the defendant town levied a tax upon the personal property of plaintiffs and that upon protest the defendant annulled the assessment and made no further demand until 1930, when the defendant then undertook to compel the plaintiffs to pay back taxes for a period of five years.

Under such circumstances, the Court is of the opinion that there are facts sufficient to support the intervention of a court of equity, and hence the judgment dissolving the injunction is

Reversed.