S. T. HOOKER ET AL. v. PITT COUNTY ET AL.

(Filed 23 December, 1931.)

**Taxation E b—Held: plaintiff was not entitled to injunctive relief from collection of taxes in this case.**

Where, in a suit by a taxpayer to restrain the collection of taxes on his land by a county, it appears that the commissioners sitting as a Board of Equalization and Review pursuant to statute passed upon plaintiff's petition for a reduction of valuation assessed on his lands along with others and found the value fixed a proper one, and the values of the property were equalized and upon appeal to the State Board of Assessments the valuation was upheld, and later the value thus assessed was reduced with that of other property in the county by 10 per cent, the tax so levied being within the constitutional limitation, *Held:* the plaintiff had no equitable right that would entitle him to an injunction. The remedy suggested in *Power Co. v. Burke County,* 201 N. C., 318, was not followed in this case.

APPEAL by plaintiffs from *Frizzelle, J.,* at Chambers, 17 October, 1931. From PITT.

Civil action to restrain the defendants from proceeding with the collection of taxes in Pitt County for the year, 1931, upon the alleged ground (1) that the assessed value of all the properties therein, and especially those owned by the plaintiffs, is in excess of their "true value in money" (Const., Art. V, sec. 3), and (2) that the rate levied for general county purposes is in excess of "fifteen cents on the one hundred dollars value of property" (Const., Art. V, sec. 6).

The pertinent facts upon which the judgment of the Superior Court was entered, and the reasons assigned therefor, may be briefly summarized as follows:

1. That the board of commissioners of Pitt County, sitting as a board of equalization and review pursuant to the Machinery Act, chap. 428, Public Laws 1931, duly heard the petition filed and presented by the plaintiff in this cause, along with others, and the values set out in the complaint were fixed by said board which the court finds were proper and equalized values.

2. That the plaintiffs appealed to the State Board of Assessment, which board found "that the values fixed by the board of commissioners of Pitt County, sitting as a board of equalization and review, are proper and equalized values, and the values are hereby approved and sustained," 16 October, 1931.

3. That among the properties listed in the name of the plaintiff is a tobacco warehouse valued at $38,500, which is now renting for $8,000 a year.

4. That on 7 September, 1931, the board of commissioners of Pitt County duly levied a tax of 14½ cents on the one hundred dollars value of property as a general county tax for ordinary county purposes; and a special tax, with the special approval of the General Assembly, of 4¾ cents for the county home and poor; and a special tax, with the special approval of the General Assembly, of 2¼ cents for the health department, all of which taxes were for necessary expenses of the county. *Glenn v. Comrs. of Durham,* 201 N. C., 233.

5. That the property in Pitt County was valued, equalized and adjusted for 1931, in accordance with the provisions of chapter 428, Public Laws 1931, and as a result of which, the taxable values of real estate therein were reduced between nine and ten per cent, aggregating more than three millions of dollars. "Such equalization shall not affect the total values of real property in said county to a greater extent than ten per cent of the values of real property in said county for one thousand nine hundred and thirty." Section 523, subsec. f.

6. That a revaluation of property for taxation was had in Pitt County in 1929, as authorized by a Special Act, chapter 383, Public-Local Laws 1929, applicable only to said county, which values were in effect for 1930.

7. That upon the first cause of action, wherein it is alleged the property in Pitt County has been illegally assessed, the court finds that plaintiffs have failed to allege or show facts sufficient to invoke the aid of a court of equity, for an adequate remedy exists at law if plaintiffs' property has been assessed in excess of its true value in money. *Ragan v. Doughton,* 192 N. C., 500, 135 S. E., 328.

8. That on the second cause of action, no facts have been alleged, or shown, which would entitle the plaintiffs to equitable relief, *R. R. v. Lenoir County,* 200 N. C., 494, 157 S. E., 610.

From a judgment dismissing the action, plaintiffs appeal, assigning errors.

*F. M. Wooten for plaintiffs.*
*F. G. James & Son for defendants.*

STACY, C. J. Plaintiffs having profited from a reduction in the valuation of their properties, rather than suffered from any increase therein, and the rate levied for general county purposes being within the limit fixed by the Constitution, both causes of action were properly dismissed as wanting in any basis for equitable relief. *Glenn v. Comrs. of Durham,* 201 N. C., 233; *Wilson v. Green,* 135 N. C., 343, 47 S. E., 469.

Speaking to a situation similar to that disclosed by plaintiffs' alleged first cause of action, in *R. R. v. Commissioners*, 82 N. C., 260, *Smith, C. J.*, delivering the opinion of the Court, observed: "In this connection it may be remarked that, when the law-making power directs an act to be done in a specific time and manner, the judicial authority should be reluctant to interpose and obstruct the execution of the expressed legislative will, on the ground that the end to be accomplished by the use of the prescribed means is unwarranted by the Constitution, until some substantial right of the complaining party is to be injuriously affected; since, if the alleged repugnancy exists, no harm can come from noninterference, and if it does not the process of the court will have been used to defeat a valid act of legislation."

Plaintiffs did not pursue the remedy suggested in *Power Co. v. Burke County*, 201 N. C., 318, and followed in *Caldwell County v. Doughton*, 195 N. C., 62, 141 S. E., 289.

Furthermore, it is provided by chapter 427, Public Laws 1931, section 510, that the collection of any tax imposed by the Revenue Act of 1931 shall not be prevented by injunction. The plaintiffs, having failed to make out a case calling for the aid of a court of equity, are in no position to challenge the constitutionality or applicability of this provision. *Barber v. Benson*, 200 N. C., 683; *Ragan v. Doughton, supra.* The action was properly dismissed.

Affirmed.