CEDAR CREEK ENTERPRISES, INCORPORATED v. THE STATE OF NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES; EDWARD L. POWELL, INDIVIDUALLY & AS COMMISSIONER OF THE NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES; J. G. WILSON, INDIVIDUALLY & AS SUPERVISOR OF THE NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES LICENSE ENFORCEMENT DIVISION; LT. C. E. NANCE, INDIVIDUALLY & AS SUPERVISOR OF THE NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES PERMANENT WEIGH STATION NO. 203; J. E. EVERETTE, INDIVIDUALLY & AS NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES INSPECTION OFFICER; OTTIS F. JONES, SHERIFF OF CUMBERLAND COUNTY, NORTH CAROLINA

No. 87

(Filed 14 July 1976)

1. **Automobiles § 138; Taxation § 38— overweight vehicle — tax assessed — suit to prevent collection improper**

    G.S. 20-91.1 providing that "No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of any tax imposed in this Article" is applicable when there has been a tax assessed pursuant to G.S. 20-96, which provides for penalties and taxes which a vehicle owner must pay if his vehicle is found in operation on the highway over the weight for which such vehicle is licensed; therefore, G.S. 20-91.1 bars plaintiff's actions for injunctive and declaratory judgment relief from defendant's efforts to collect a tax from plaintiff pursant to the collection procedures provision in G.S. 20-99.

2. **Taxation § 38— no suit to enjoin collection of tax — suit for refund of tax proper — statute constitutional**

    G.S. 20-91.1 providing that no suit should be brought to prevent collection of a tax but that the taxpayer should pay the tax and sue for a refund if such is not made within 90 days is constitutional.

DISCRETIONARY review heard prior to determination by the Court of Appeals under provisions of General Statutes 7A-31, to review summary judgment for defendant entered by *McKinnon, J.,* on 21 November 1975.

This case had its inception on 12 May 1975, when the agents of the Department of Motor Vehicles (now Division of Motor Vehicles) stopped plaintiff's truck while operating on a public highway in Cumberland County. The truck was weighed and found to be over the 4,000 pound weight limit for the license that was on the truck. This license tag had not been purchased for this particular truck but had in fact been removed from another vehicle. Plaintiff was assessed with (1) a license fee,

$355.50, (2) driver education, title and transfer fees, $3.00, and (3) a penalty for over-licensed weight, $2,080.00, as provided by G.S. 20-96 and G.S. 20-118. For unknown reasons plaintiff was given credit for being licensed for 4,000 pounds even though the license tag on its truck belonged to another vehicle. Plaintiff paid the license fee of $355.50 and the driver education, title and transfer fees of $3.00, but refused to pay the $2,080.00. The Department of Motor Vehicles gave notice to plaintiff that they would use the collection procedures provision in G.S. 20-99.

Thereupon on 17 July 1975, plaintiff filed a complaint in Cumberland County Superior Court seeking injunctive and declaratory judgment relief. The injunctive relief sought to prevent the use of the collection procedures provided in G.S. 20-99. The declaratory judgment relief sought to hold General Statutes 20-91.1, 20-96 and 20-99 unconstitutional. On the same day plaintiff obtained *ex parte* a temporary restraining order enjoining defendants from using the collection methods provided in G.S. 20-99 against plaintiff or plaintiff's property. The order was extended until 6 August 1975 at which time plaintiff was granted a preliminary injunction.

On 17 October 1975, defendants filed a motion for summary judgment with a supporting affidavit. On 10 November 1975, a hearing was held pursuant to this motion, and the court found that there was no genuine issue as to a material fact and defendants should prevail as a matter of law. The court further found that this cause was in part an action to enjoin the collection of a tax, to-wit, $2,080.00, and that such an action is prohibited by G.S. 20-91.1. The court additionally held that the cause was in part an action for declaratory judgment to hold a taxing statute unconstitutional and this action was also prohibited by G.S. 20-91.1. Finally the court found that G.S. 20-91.1, 20-96, and 20-99 were all constitutional. Thereupon the court dissolved the temporary injunction for that it was improvidently granted. Other pertinent facts will be set out in the opinion.

*Donald W. Grimes for plaintiff appellant.*

*Attorney General Rufus L. Edmisten by Associate Attorney Isaac T. Avery, III for defendant appellees.*

COPELAND, Justice.

Summary judgment entered for defendant raises three questions for our consideration: (1) Is G.S. 20-91.1 applicable

when there has been a monetary charge assessed pursuant to G.S. 20-96 and G.S. 20-118? (2) Does G.S. 20-91.1 bar plaintiff's actions for injunctive and declaratory judgment relief? (3) Are G.S. 20-91.1, G.S. 20-96 and G.S. 20-99 constitutional?

G.S. 20-91.1 provides as follows:

"No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of *any tax imposed in this Article.* Whenever a person shall have a valid defense to the enforcement of the collection of a tax assessed or charged against him or his property, such person shall pay such tax . . . and if the same shall not be refunded within 90 days thereafter, may sue such official in the courts of the State for the amount so demanded. . . . " (Emphasis added.)

G.S. 20-96 provides as follows:

"It is the intent of this section that every owner of a motor vehicle shall procure license in advance to cover the empty weight and maximum load which may be carried. Any owner failing to do so, and whose vehicle shall be found in operation on the highway over the weight for which such vehicle is licensed, shall pay *the penalties prescribed in G.S. 20-118.* Nonresidents operating under the provisions of G.S. 20-83 shall be subject to the *additional tax provided in this section when their vehicles are operated in excess of the licensed weight or, regardless of the licensed weight, in excess of the maximum weight provided for in G.S. 20-118.* Any resident or nonresident owner of a vehicle that is found in operation on a highway designated by the Board of Transportation as a light traffic highway, and along which signs are posted showing the maximum legal weight on said highway with a load in excess of the weight posted for said highway shall be subject to the penalties provided in G.S. 20-118. Any person who shall willfully violate the provisions of this section shall be guilty of a misdemeanor in addition to being liable for the *additional tax herein prescribed.*" (Emphasis added.)

G.S. 20-118 provides as follows:

"For each violation of the gross weight limitation for the vehicle or vehicle and load the owner of the vehicle *shall pay* to the Division *a penalty* for each pound of weight

of such vehicle or vehicle and load in excess of the weight limitations, including the five percent (5%), hereinbefore set out in this section for each vehicle or vehicle and load *in accordance with the following schedule. . . . * " (Emphasis added.)

[1] G.S. 20-91.1 applies to "any tax imposed in this Article." Since G.S. 20-91.1 is a section in Article 3 of Chapter 20 of the General Statutes of North Carolina and Article 3 consists of G.S. 20-38 through 20-183, G.S. 20-91.1 applies to a monetary charge made pursuant to G.S. 20-96 if it qualifies as "any tax" as that term is used in G.S. 20-91.1.

In the third sentence of G.S. 20-96 the applicability of this section to nonresidents operating under the provisions of G.S. 20-83 is explained. G.S. 20-83, which sets forth the registration requirements for nonresidents, provides no specific monetary charge for overloading a vehicle although subsection (c) therein does require payment of the same fees "as is required with reference to like vehicles owned by residents of this State." In the third sentence of G.S. 20-96 it is specified that nonresidents operating under G.S. 20-83 shall be subject to the "additional tax provided in this section when their vehicles are operated in excess of the licensed weight or . . . in excess of the maximum weight provided in G.S. 20-118." Since G.S. 20-83 provides no specific monetary charge for overloading, the phrase "additional tax provided in this section when their vehicles are operated in excess of the licensed weight or . . . in excess of the maximum weight provided in G.S. 20-118" refers to the overloading charge set out in G.S. 20-96.

The only monetary charge for overloading prescribed by G.S. 20-96 is the payment of "the penalties prescribed in G.S. 20-118." By labeling this required payment as an "additional tax," G.S. 20-96 effectively defines the "penalties prescribed in G.S. 20-118" that must be paid upon a violation of G.S. 20-96 as a "tax."

This proposition is buttressed by the fact that the last sentence of G.S. 20-96 again refers to the payment required by this section as an "additional tax." The last sentence of G.S. 20-96 makes a person who willfully violates this section guilty of a misdemeanor as well as being liable for the "additional tax" that is prescribed by this section. Since the only monetary charge prescribed by G.S. 20-96 is the payment of "the penalties pre-

scribed in G.S. 20-118," it follows that these charges again are equated with a "tax." On its face, this "tax" would qualify as "any tax" as used in G.S. 20-91.1.

This conclusion is further supported by an analysis of related statutes. Under the rules of statutory construction, statutes *in pari materia* must be read in context with each other. *Comr. of Insurance v. Automobile Rate Office*, 287 N.C. 192, 214 S.E. 2d 98 (1975). In particular, G.S. 20-91.2 provides as follows:

> "If the Commissioner of Motor Vehicles discovers from the examination of any report, or otherwise, that any taxpayer has overpaid the correct amount of tax (including penalties, interest and costs, if any), such overpayment shall be refunded. . . . "

By using the word "tax" to include penalties, this section further indicates that the monetary charge prescribed in G.S. 20-96 was defined as a "tax" and was therefore subject to G.S. 20-91.1. Additionally, to say that G.S. 20-91.1 does not include the penalties prescribed in G.S. 20-118 but that the tax plus penalty and interest, if improperly charged, must be refunded as provided in G.S. 20-91.2 would be inconsistent. Also, it follows naturally that G.S. 20-91.1 applies both to what in other contexts may be termed a penalty since there would be no such penalty but for the tax. This result is further supported by the fact that the money received for a violation of G.S. 20-96 is treated the same way as other highway taxes in that the money is disbursed to the general highway fund of the Department of Transportation.

On the basis of the foregoing, we hold that G.S. 20-91.1 is applicable when there has been a tax assessed pursuant to G.S. 20-96.

The next question is whether G.S. 20-91.1 bars plaintiff's actions for injunctive and declaratory judgment relief? See Uniform Declaratory Judgment Act, G.S. 1-253 to G.S. 1-267. The language of G.S. 20-91.1 is clear. It declares that there shall be no suit brought for the purpose of preventing the collection of any tax imposed in that Article and defines the circumstances under which a suit may be brought. The General Statutes provide no exception.

Since G.S. 105-267 has language similar to that in G.S. 20-91.1, we are further guided by our Court's interpretation of

Enterprises, Inc. v. Dept. of Motor Vehicles

G.S. 105-267. Our Court has held that G.S. 105-267 and prior statutes having the same language establish the general rule that there shall be no injunctive or declaratory relief to prevent the collection of a tax, *i.e.,* the taxpayer must pay the tax and bring suit for a refund. *Housing Authority v. Johnson, Comr. of Revenue,* 261 N.C. 76, 134 S.E. 2d 121 (1964) ; *Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918 (1954) ; *Buchan v. Shaw, Comr. of Revenue,* 238 N.C. 522, 78 S.E. 2d 317 (1953). *See also Loose-Wiles Biscuit Co. v. Sanford,* 200 N.C. 467, 157 S.E. 432 (1931). Unlike G.S. 105-267 (and prior statutes having the same language), which is accompanied in the same subchapter by G.S. 105-379 (1972), there is no comparable statute accompanying G.S. 20-91.1 that permits equitable exceptions to the broad exclusionary language therein. Cases such as *Reeves Brothers, Inc. v. Town of Rutherfordton,* 282 N.C. 559, 194 S.E. 2d 129 (1973) ; *Hooker v. Pitt County,* 202 N.C. 4, 161 S.E. 542 (1931) ; *Barber v. Benson,* 200 N.C. 683, 158 S.E. 245 (1931), which enunciate limited, statutorily based exceptions (see G.S. 105-379 (1972) and North Carolina Code of 1931, § 7979) to the rule that there shall be no injunctive or declaratory relief to prevent the collection of a tax, do not dictate similar exceptions in our case. Rather, they evidence the fact that our Court has strictly applied G.S. 105-379 and related statutes except for the narrow exceptions permitted by accompanying statutes.

On the basis of the foregoing, we hold that the similar language of G.S. 20-91.1 effectively bars plaintiff's actions for injunctive and declaratory relief except insofar as plaintiff challenges the constitutionality of the bar created by G.S. 20-91.1, and incidentally the constitutionality of G.S. 20-96 and G.S. 20-99.

We have determined that the monetary charge provided in G.S. 20-96 (the overload statute) would qualify as "any tax" as used in G.S. 20-91.1. G.S. 20-99 sets out the remedies available for the collection of all taxes and penalties under the provisions of Article 3 of Chapter 20. Since these statutes, as well as all others included in Article 3 of Chapter 20, are covered by the bar of G.S. 20-91.1, a determination that G.S. 20-91.1 is constitutional is conclusive as to plaintiff's challenge of the constitutionality of G.S. 20-96 and G.S. 20-99.

[2]  In order to determine the constitutionality of G.S. 20-91.1, we again are guided by our Court's decisions relating to the simi-

lar statute, G.S. 105-267. In *Kirkpatrick v. Currie,* 250 N.C. 213, 108 S.E. 2d 209 (1959), our Court held that the procedure of G.S. 105-267, requiring the taxpayer to pay the tax under protest and bring a suit for a refund was constitutional, affording the taxpayer an opportunity to be heard and according him due process. For similar reasons, we hold that G.S. 20-91.1 is constitutional. Furthermore, we hold that G.S. 20-91.1 is constitutional as applied in barring plaintiff's challenge of the constitutionality of G.S. 20-96 and G.S. 20-99.

We find additional support for this conclusion in recent United States Supreme Court decisions dealing with the Anti-Injunction Act, a similarly worded statute adopted originally by Congress in 1867, which reads as follows:

" . . . No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Int. Rev. Code of 1954, § 7421(a).

In *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed. 2d 496 (1974), plaintiff sought to restrain defendant from revoking its tax-exempt status and from removing plaintiff's name from a list that gave assurance to donors that contributions to plaintiff would constitute charitable deductions. The Court held that application of the Anti-Injunction Act did not deny due process to plaintiff because plaintiff had access to certain review procedures or in the alternative it could pay the taxes and sue for a refund. *See Note,* 11 Wake Forest L. Rev. 337 (1975), entitled *Taxation, § 7421(a), Prohibition Against Suits to Restrain the Assessment or Collection of a Tax.*

*Bob Jones* held that *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292 (1962) was controlling. *Enochs v. Williams Packing Co., supra* at 7, 82 S.Ct. at 1129, 8 L.Ed. 2d at 297, held that the Anti-Injunction Act bars a suit to enjoin the collection of the tax involved unless it is "apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim."

Plaintiff has completely failed to bring itself within the narrow exception enunciated in *Williams Packing, supra. See also Commissioner v. Shapiro,* ____ U.S. ____, ____ S.Ct. ____, 47 L.Ed. 2d 278 (1976) ; *Laing v. United States,* ____ U.S. ____, 96 S.Ct. 473, 46 L.Ed. 2d 416 (1976).

We further note that whether the monetary charge assessed pursuant to G.S. 20-96 and G.S. 20-118 is, in fact, in a constitutional sense, as opposed to its statutorily defined meaning, a tax or a penalty does not alter the fact that the bar created by G.S. 20-91.1 is constitutional. The Supreme Court of the United States stated that it has abandoned distinctions between revenue-raising and regulatory taxes. *Bob Jones University v. Simon, supra* at 741, 94 S.Ct. at 2048, 40 L.Ed. 2d at 511, 512 (Footnote 12 citing *Sonzinsky v. United States,* 300 U.S. 506, 513, 81 L.Ed. 772, 57 S.Ct. 554 (1937)). Thus, it follows that whether it is a revenue-raising or regulatory tax, the bar created by G.S. 20-91.1 is constitutional.

Accordingly, in the summary judgment entered by Judge McKinnon for the defendant we find

No error.