**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1719

MARK H. BEAM,

            Plaintiff – Appellant,

      v.

GEORGE TATUM, Commissioner, North Carolina Division of Motor
Vehicles; BRYAN BEATTY, Secretary, North Carolina Department
of Crime Control and Public Safety; LYNDO TIPPETT,
Secretary, North Carolina Department of Transportation,

            Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:06-cv-00279-D)

Argued: September 24, 2008          Decided: November 10, 2008

Before WILLIAMS, Chief Judge, AGEE, Circuit Judge, and T. S.
ELLIS, III, Senior United States District Judge for the Eastern
District of Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

**ARGUED:** Ralph David Wicker, Jr., ROBERTI, WITTENBERG, LAUFFER &
WICKER, P.A., Durham, North Carolina, for Appellant.  Mark Allen
Davis, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellees.  **ON BRIEF:** Roy Cooper, North Carolina
Attorney General, Christopher G. Browning, Jr., Solicitor
General, John W. Congleton, Assistant Attorney General, NORTH

CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark H. Beam brought this action in the United States District Court for the Eastern District of North Carolina, pursuant to 42 U.S.C.A. § 1983 (West 2003), requesting a declaration that a civil penalty imposed upon him by the State of North Carolina violates the United States and North Carolina Constitutions and that a refund of the civil penalty be ordered. The district court abstained under Younger v. Harris, 401 U.S. 37 (1971), from exercising jurisdiction, concluding that Beam failed to exhaust his state judicial remedies, this case involves North Carolina's substantial interest in motor safety, and Beam will have an opportunity to raise his constitutional claims in North Carolina's state courts. For the reasons that follow, we agree and therefore affirm the district court's decision to abstain. Because Beam's complaint requests monetary relief, however, we vacate the district court's order dismissing Beam's suit and remand with instructions to stay the action.

I.

The underlying facts in this case are not in dispute. Beam drives a truck for BarMar Transportation Corp. ("BarMar"), a small trucking firm owned by Beam and his wife. In 2005, BarMar contracted with Daystar Transportation, LLC ("Daystar") to haul a large piece of industrial equipment from Pineville, North

3

Carolina to the Tennessee border.  On December 15, 2005, the North Carolina Department of Transportation ("DOT") issued Daystar a permit to transport the equipment.  The permit, which listed Beam as the "permittee," required the hauling truck to be accompanied by two escort vehicles with certified drivers. (J.A. at 6-7.)

On December 19, 2005, during the transport of the industrial equipment, a North Carolina vehicle enforcement officer issued Beam two civil penalties at a weigh station: (1) a $500 citation for "Operating an Escort Vehicle Without the Required Certification" because the rear escort driver could not produce an escort permit (the "escort penalty") and (2) a $23,820 citation for carrying too much weight (the "overweight penalty").  (J.A. at 27.)  Had the officer not treated the permit as invalid because of the escort penalty, the weight total would have been within the weight limit permitted by the permit.  Both civil penalties were paid.

On January 10, 2006, Beam sent a letter to the North Carolina Department of Motor Vehicles ("DMV") stating that, pursuant to N.C. Gen. Stat. § 20-91.1, repealed by 2007 N.C. Sess. Laws 491, he paid the overweight penalty under protest and demanded that this money be repaid to him within 90 days.[1]  On

---

[1] N.C. Gen. Stat. § 20-91.1 provided:

(Continued)

4

January 31, 2006, the North Carolina Department of Crime Control and Public Safety ("CCPS") responded with a letter informing Beam that an administrative review had determined that the overweight penalty was issued in accordance with state law and that the CCPS lacked authority to reduce "any penalty imposed according to law." (J.A. at 11.) Further, the letter specifically informed Beam of his right to appeal the CCPS's administrative decision in North Carolina state court under N.C. Gen. Stat. § 20-91.1.

In lieu of seeking judicial review of the administrative decision in state court, on July 7, 2006, Beam filed this § 1983 action seeking a refund of the overweight penalty. Beam named as defendants George Tatum, Commissioner of the DMV; Bryan Beatty, the Secretary of the CCPS; and Lyndo Tippett, the Secretary of the DOT (collectively "North Carolina"). He

---

No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of any tax imposed in this Article. Whenever a person shall have a valid defense to the enforcement of the collection of a tax assessed or charged against him or his property, such person shall pay such tax . . . and if the same shall not be refunded within 90 days thereafter, may sue such official in the courts of the State for the amount so demanded. Such suit must be brought in the Superior Court of Wake County, or in the county in which the taxpayer resides.

N.C. Gen. Stat. § 20-91.1, repealed by 2007 N.C. Sess. Laws 491.

5

alleged that North Carolina's actions violated the Excessive Fines Clauses of the Eighth Amendment and the North Carolina Constitution, the prohibition against delegation of judicial power in the North Carolina Constitution, the Double Jeopardy Clause of the Fifth Amendment, and the Due Process Clauses of the Fifth and Fourteenth Amendments.

On June 26, 2007, the district court abstained under Younger from exercising jurisdiction and dismissed Beam's case, concluding that by filing suit in federal court:

> [Beam] has expressly short-circuited North Carolina's statutory scheme concerning such civil penalties. See N.C. Gen. Stat. § 20-91.1. Under that statutory scheme, [Beam] may protest the penalty administratively (which he did) and then file suit in Wake County Superior Court (which he did not do). In Wake County Superior Court, [Beam] . . . could raise the constitutional challenges set forth in his complaint.

(J.A. at 91.) Beam timely appealed, and we have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 2006).

## II.

The sole issue on appeal is whether the district court properly abstained under Younger from exercising jurisdiction. "We review for abuse of discretion the district court's decision to abstain under Younger." Nivens v. Gilchrist, 444 F.3d 237, 240 (4th Cir. 2006). Younger and "its progeny espouse a strong federal policy against federal-court interference with pending

6

state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). The principle of "comity" underlying this abstention doctrine includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Younger, 401 U.S. at 44.

Sensitive to principles of equity, comity, and federalism, Younger mandates "abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987). Further, Younger "recognizes that state courts are fully competent to decide issues of federal law and has as a corollary the idea that all state and federal claims should be presented to the state courts." Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 251 (4th Cir. 1993) (internal citation omitted). In sum, Younger abstention requires a federal court to abstain from interfering

in state proceedings, even if federal subject matter jurisdiction exists, if the following three factors are present:

> (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

Nivens, 444 F.3d at 241; see Middlesex, 457 U.S. at 432. We analyze each of these factors in turn.

First, we consider whether there is an ongoing state proceeding. The pertinent question presented in this case is whether this factor is met where a party fails to exhaust its state judicial remedies before seeking relief in federal district court. The Supreme Court has answered this question in the affirmative: "a necessary concomitant of Younger is that a party . . . must exhaust his state appellate remedies before seeking relief in the District Court." Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975). This rule applies with equal force to judicial review of state administrative proceedings. See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986) (holding that Younger abstention is appropriate where "constitutional claims may be raised in state-court judicial review of the administrative proceeding"). Relying on the principles articulated in Huffman and Ohio Civil Rights Comm'n, we have similarly held that "a defendant to a coercive

8

state administrative proceeding must exhaust his state administrative and judicial remedies and may not bypass them in favor of a federal court proceeding in which he seeks effectively 'to annul the results' of a state administrative body." Moore v. City of Asheville, 396 F.3d 385, 388 (4th Cir. 2005) (citing Huffman, 420 U.S. at 609) (emphasis added).[2]

In this case, Beam did not exhaust his state judicial remedies. Rather, he abandoned the state review process he initiated and bypassed state court judicial review of the CCPS's administrative decision in favor of filing suit in federal court. As noted above, Beam initially challenged the overweight penalty under the procedures provided by N.C. Gen. Stat. § 20-91.1, North Carolina's statutory scheme concerning such penalties. Specifically, on January 10, 2006, Beam sent a letter to the DMV pursuant to "N.C. Gen. Stat. § 20-91.1" demanding a refund of the amount of the overweight penalty. (J.A. at 10.) On January 31, 2006, the CCPS responded with a letter informing Beam that an administrative review had determined that the overweight penalty was issued in accordance

---

[2] Beam contends that the district court's decision to abstain was improper because the state proceedings in this case are not sufficiently "coercive." We disagree. Similar to the proceedings in Moore v. City of Asheville, the state proceedings in this case are "unquestionably coercive." 396 F.3d 385, 395 n.4 (4th Cir. 2005).

with state law and that he had a right to appeal the CCPS's administrative decision in "Wake County Superior Court" as provided for by N.C. Gen. Stat. § 20-91.1. (J.A. 11.) Beam, however, did not challenge the CCPS's decision in Wake County Superior Court; instead he filed suit in federal court.

Beam attempts to excuse his failure to exhaust his state judicial remedies, asserting that N.C. Gen. Stat. § 20-91.1 did not and does not afford him a right to appeal the CCPS's administrative decision in state court. Specifically, he argues: (1) the North Carolina Supreme Court in North Carolina Sch. Bds. Ass'n v. Moore, 614 S.E.2d 504 (2005) made clear that the statute is solely a tax statute and he is seeking recovery of a civil penalty (not a tax); and (2) that the statute was repealed after he filed this suit, preserving only a right to litigate tax cases, not a right to sue for recovery of a civil penalty. In response, North Carolina asserts: (1) the North Carolina Supreme Court in Cedar Creek Enter., Inc. v. State Dep't of Motor Vehicles, 226 S.E.2d 336 (1976) concluded that N.C. Gen. Stat. § 20-91.1 applied to monetary penalties like the one Beam received and that North Carolina Sch. Bds. Ass'n does not even address this issue (nor in anyway purport to overrule Cedar Creek); and (2) because Beam invoked his rights under this

10

statute prior to its repeal, he can still seek judicial review in state court.[3]

We find Beam's arguments unpersuasive, particularly given that he initially challenged the overweight penalty under the very statute he now claims does not apply to him. Moreover, N.C. Gen. Stat. § 20-91.1 had not been repealed at time Beam filed the instant federal suit. Therefore, the point remains: If Beam wanted to challenge the CCPS's decision he should have continued the process he invoked under N.C. Gen. Stat. § 20-91.1 and filed suit in North Carolina state court. Because he did not do so, we conclude that <u>Younger</u>'s first prong is satisfied. <u>Cf.</u> <u>Moore</u>, 396 F.3d at 395 (affirming the district court's decision to abstain under <u>Younger</u> even though the plaintiff was left without any remedy for challenging his citation because his appellate rights in state court had already expired.)

Next, we examine whether the proceedings at issue implicate a substantial state interest. To satisfy this factor, the ongoing state proceedings must be "the type of proceeding to which <u>Younger</u> applies." <u>New Orleans Public Serv., Inc. v. Council of the City of New Orleans</u>, 491 U.S. 350, 367 (1989).

---

[3] North Carolina forcefully reiterated this position at oral argument, stating that "without question" Beam can still raise all of his state and federal claims in state court pursuant to N.C. Gen. Stat. § 20-91.1 and that the State would "absolutely" support his entitlement to raise these claims in such a suit.

Beam concedes that "the district court was correct in holding that [North Carolina] has 'a substantial interest in motor safety' . . . ." (Appellant's Br. at 32.) He argues, however, that this interest was not genuinely implicated because Beam's only real offense was failing to ensure that the rear escort's certification was not expired. We disagree. As North Carolina points out, Beam's "argument ignores the direct link between the State's desire to ensure the safety of its roadways and the requirement that escort vehicles driven by properly certified drivers accompany an overweight vehicle." (Appellees' Br. at 10.) Hence, the district court correctly concluded that North Carolina has a substantial state interest in motor safety.

Finally, we consider whether Beam will have an adequate opportunity to raise his constitutional claims in North Carolina state court. See Middlesex, 457 U.S. at 432. As to this consideration, we agree with the district court that Beam "will receive a full and fair opportunity to litigate the constitutional claims during the state proceedings." (J.A. 98.) Thus, the three prong test for Younger abstention is met.[4]

---

[4] Beam also argues that the district court abused its discretion by failing to take into account any existing Commerce Clause considerations. Similar to Beam's other contentions, this argument is likewise without merit.

12

In sum, Beam failed to exhaust his state judicial remedies, where he could have asserted his constitutional claims, and North Carolina has a substantial interest in motor safety. Therefore, we hold that the principles of federalism and comity demand application of <u>Younger</u> abstention. As we concluded in <u>Moore</u>:

> [T]o the extent that [Beam] in this case seeks to annul or trample on the results of state administrative proceedings, he interferes with the State's interest in enforcing its substantive laws as well as its interest in enforcing those laws through available administrative procedures and in its own courts. That [Beam] did not avail himself of state-provided avenues for review can only cast aspersion on the State's capabilities and good faith and deprive the State of a function which quite legitimately is left to the state appellate bodies, that of overseeing agency dispositions of constitutional issues which arise in civil litigation over which they have jurisdiction.

<u>Moore</u>, 396 F.3d at 395 (internal quotation marks, citations and alteration omitted). Accordingly, the district court did not abuse its discretion in abstaining from entertaining Beam's claims in deference to North Carolina's substantial interest in motor safety.[5]

---

[5] North Carolina contends that <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943) also mandated abstention. To be sure, abstention doctrines "are not rigid pigeonholes into which federal courts must try to fit cases." <u>Pennzoil Co. v. Texaco Inc.</u>, 481 U.S. 1, 11 n.9, (1987). The district court, however, solely relied on the principles of federalism articulated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and so, although <u>Burford</u> abstention may (or may not) apply here, our analysis is limited (Continued)

13

III.

For the foregoing reasons, we affirm the district court's decision to abstain. We note, however, that because Beam's complaint requests monetary relief, the proper resolution is to stay Beam's case pending conclusion of the state proceedings. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996) ("[f]ederal courts have the power to dismiss . . . based on abstention principles only where the relief being sought is equitable or otherwise discretionary."); see also Traverso v. Penn, 874 F.2d 209, 213 (4th Cir. 1989) (same). Accordingly, we vacate the district court's order dismissing Beam's action and remand with instructions to stay the action.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

to whether or not the district court correctly abstained under Younger.

14