IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-80

Filed: 15 September 2020

Mecklenburg County, Nos. 18CRS010447, 212079, 212081

STATE OF NORTH CAROLINA

v.

BRIAN ROBERT GLEASON

Appeal by Defendant from judgments entered 29 July 2019 by Judge Donnie Hoover in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 August 2020.

> *Joshua H. Stein, by Assistant Attorney General Brenda Eaddy, for State-Appellee.*
>
> *North Carolina Prisoner Legal Services, Inc., by Christopher J. Heaney, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Brian Robert Gleason appeals from judgments entered upon jury verdicts of guilty of perjury and violating a civil domestic violence protection order. Defendant contends the trial court erred by sentencing him in the aggravated range for his felony perjury conviction. We reverse judgment entered upon his conviction for perjury and remand for resentencing.

## I. Background

On 30 April 2018, Defendant was indicted for stalking, making a false report to a law enforcement officer or agency, and violating a civil domestic violence protective order ("DVPO"). On 22 September 2018, the State filed a Notice of Intent to Prove Aggravating Factors or Prior Record Level Point. The notice indicated that the State intended to present evidence of the following two aggravating factors: (1) "[t]he offense was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws[,]" which corresponds to N.C. Gen. Stat. § 1340.16(d)(5) (2019); and (2) "[t]he Defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense[,]" which corresponds to N.C. Gen. Stat. § 1340.16(d)(15) (2019). The notice also indicated that the State intended "to prove the existence of an additional prior record level point under N.C.G.S. § 15A-1340 (b)(7), specifically, that the offense was committed while the Defendant . . . [w]as on supervised or unsupervised probation, parole, or post-release supervision[.]"

The State obtained superseding indictments on 22 October 2018 for stalking, making a false report to a law enforcement officer or agency, and two counts of perjury. The State obtained a superseding indictment on 22 October 2018 for violating a DVPO. The State obtained a superseding indictment on 8 July 2019 for obstruction of justice and two counts of perjury. At the 22 July 2019 trial, the State

moved to join the charges for stalking, perjury, and violating a DVPO, and dismissed the first and third counts of obstruction of justice and perjury. The jury found Defendant guilty of perjury and violating a DVPO. The jury could not reach a verdict on stalking; the trial court declared a mistrial.

During sentencing proceedings, the State informed the trial court that "[t]he State has previously filed notice of an aggravating factor" and stated that "the aggravating factor would be that the Defendant was on supervised probation during the commission of this offense." The State then said to the trial court, "if [defense counsel] still plans to admit to the aggravating factor, that would be, of course, a necessary step. Otherwise, we'll prove to the Court beyond a reasonable doubt that the Defendant was on probation at the time of the offense." Defense counsel then stated, "Yeah. We do admit to that, Your Honor. . . . [W]e do admit that he was on probation."

On form AOC-CR-605, felony judgment findings of aggravating and mitigating factors, the trial court marked the check box next to aggravating factor 20, "Additional written findings of factors in aggravation: DEFENDANT WAS ON PROBATION AT THE TIME OF THE OFFENSE."

The trial court "ma[de] no findings of any mitigating factors" and found that "the factors in aggravation outweigh the factors in mitigation and that an aggravated sentence is justified." The trial court determined Defendant to be a Prior Record

Level II for felony sentencing purposes, with 2 prior record level points, and sentenced Defendant to an aggravated sentence of 21 to 35 months' imprisonment for perjury. The trial court also determined Defendant to be a Prior Record Level II for misdemeanor sentencing purposes, with 2 prior record level points, and sentenced Defendant to a consecutive term of 75 days' imprisonment for violating a DVPO. Defendant gave oral notice of appeal.

## II. Discussion

Defendant argues that he received ineffective assistance of counsel because his counsel failed to object to a lack of notice of the aggravating factor argued by the State at sentencing and, as a result of this failure, his sentence was increased.

On appeal, this Court reviews de novo whether a defendant was denied effective assistance of counsel. *State v. Wilson*, 236 N.C. App. 472, 475, 762 S.E.2d 894, 896 (2014).

In general, "claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). However, an ineffective assistance of counsel claim brought on direct review "will be decided on the merits when the cold record reveals that no further investigation is required." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001). Here, the cold record reveals that no further investigation is required; therefore, we will decide the merits of the claim.

"When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561–62, 324 S.E.2d 241, 248 (1985). To meet this burden, the defendant must satisfy the following two-pronged test: First, the defendant must show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant "must show that the deficient performance . . . [was] so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Thus, the "fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Braswell*, 312 N.C. at 563, 324 S.E.2d at 248.

As to the first prong, Defendant argues that his counsel's performance was deficient because counsel failed to object to the lack of notice of the aggravating factor argued by the State at sentencing. We agree.

Subsection (d) of N.C. Gen. Stat. § 15A-1340.16 enumerates 28 specific aggravating factors that, if proven beyond a reasonable doubt, can be considered by a trial court in determining whether to impose an aggravated sentence. N.C. Gen. Stat. § 15A-1340.16(a), (d) (2019). Additionally, N.C. Gen. Stat. § 15A-1340.16(d)(20)

includes a catchall provision for "[a]ny other aggravating factor reasonably related to the purposes of sentencing." N.C. Gen. Stat. § 15A-1340.16(d)(20).

Aggravating factors specifically enumerated in subsection (d) of N.C. Gen. Stat. § 15A-1340.16 "need not be included in an indictment or other charging instrument." N.C. Gen. Stat. § 15A-1340.16(a4) (2019). Under N.C. Gen. Stat. § 15A-1340.16(a6),

> [t]he State must provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section or a prior record level point under [N.C. Gen. Stat. §] 15A-1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea. A defendant may waive the right to receive such notice. The notice shall list all the aggravating factors the State seeks to establish.

*Id.* at § 15A-1340.16(a6) (2019).

However, any aggravating factor alleged under the catchall provision in subsection (d)(20) of N.C. Gen. Stat. § 15A-1340.16 "shall be included in an indictment or other charging instrument, as specified in [N.C. Gen. Stat. §] 15A-924." *Id.* at § 15A-1340.16(a4). Specifically under N.C. Gen. Stat. § 15A-924, "[a] criminal pleading must contain . . . [a] statement that the State intends to use one or more aggravating factors under G.S. 15A-1340.16(d)(20), with a plain and concise factual statement indicating the factor or factors it intends to use under the authority of that subdivision." N.C. Gen. Stat. § 15A-924(a)(7) (2019).

In *State v. Ross*, 216 N.C. App. 337, 720 S.E.2d 403 (2011), *disc. review denied*, 366 N.C. 400, 735 S.E.2d 174 (2012), this Court reversed defendant's judgment and

remanded it for resentencing where the State "simply served defendant with notice of its intent to prove the existence of" non-statutory aggravating factors but did not include them in an indictment. *Id.* at 350, 720 S.E.2d at 412.

Similarly, in *State v. Ortiz*, 238 N.C. App. 508, 768 S.E.2d 322 (2014), this Court explained and held as follows:

> The plain language of N.C. Gen. Stat. § 15A-1340.16(a4) requires the non-statutory aggravating factor to be included in the indictment and the State's failure to do so rendered it unusable by the State in its prosecution. Considering the plain language of N.C. Gen. Stat. § 15A-1340.16(a4), this Court's holding in *Ross*, and in the absence of authority to the contrary, we conclude that simply providing notice in compliance with N.C. Gen. Stat. § 15A-1340.16(a6) was insufficient to allow the State to proceed on the non-statutory aggravating factor and it was error for the trial court to so allow.

*Id.* at 514, 768 S.E.2d at 326.

In this case, the State presented to the trial court at sentencing that "the aggravating factor would be that the Defendant was on supervised probation during the commission of this offense." In its judgment, the trial court marked the check box next to aggravating factor 20 – which corresponds to the catchall provision in N.C. Gen. Stat. § 15A-1340.16(d)(20) – "Additional written findings of factors in aggravation: DEFENDANT WAS ON PROBATION AT THE TIME OF THE OFFENSE." Being on probation at the time of the offense is not one of the factors specifically enumerated in subsection (d) of N.C. Gen. Stat. § 15A-1340.16. Thus, the

plain language of N.C. Gen. Stat. § 15A-1340.16(a4) requires this alleged aggravating factor to be included in an indictment or other charging instrument. N.C. Gen. Stat. § 15A-1340.16(a4).

The State obtained a superseding indictment for the felony perjury offense for which Defendant was found guilty. Nowhere in the indictment is it alleged that Defendant was on probation at the time of the offense. Accordingly, as in *Ross* and *Ortiz*, the State's failure to so allege rendered that aggravating factor unusable by the State in its prosecution. *Ortiz*, 238 N.C. App. at 514, 768 S.E.2d at 326.

We note that the State notified Defendant in accordance with N.C. Gen. Stat. § 15A-1340.16(a6) that the State intended to prove the existence of the aggravating factors specifically enumerated in N.C. Gen. Stat. § 1340.16(d)(5) and (d)(15). However, the State did not proceed at sentencing on either of these factors. Moreover, even had the State included the aggravating factor "Defendant was on supervised probation during the commission of this offense" in this notice, "simply providing notice in compliance with N.C. Gen. Stat. § 15A-1340.16(a6) [would have been] insufficient to allow the State to proceed on the non-statutory aggravating factor and it [would have been] error for the trial court to so allow." *Ortiz*, 238 N.C. App. at 514, 768 S.E.2d at 326.

Although the State notified Defendant that the State intended "to prove the existence of an additional prior record point" based on the fact that Defendant "[wa]s

on supervised or unsupervised probation, parole, or post-release supervision" at the time he committed the offenses, the State did not seek to add a record level point at sentencing. Moreover, the addition of one record-level point to Defendant's prior record level would not have changed his prior record level[1] and, thus, could not have resulted in an enhanced sentence. *See* N.C. Gen. Stat. § 15A-1340.14(b)(7) (2019). Accordingly, Defense counsel erred by failing to object to the lack of notice of the aggravating factor the State sought to prove at sentencing.

As to prong two, Defendant contends that his counsel's failure to object to the lack of notice prejudiced him because he would not have received an aggravated sentence had the objection been made. We agree.

Had Defendant's counsel objected to the lack of notice, the State could not have proceeded on that aggravating factor and Defendant could not have received an aggravated sentence. *Ortiz*, 238 N.C. App. at 514, 768 S.E.2d at 326; *Ross*, 216 N.C. App. at 350, 720 S.E.2d at 412. Accordingly, we vacate the trial court's judgment and remand the matter for resentencing. *Id.*

---

[1] Defendant had one prior felony class H or I conviction, giving him 2 points, which puts him at prior conviction level II. If he had received an additional point for committing an offense while on probation, he would have 3 points, which still puts him at prior conviction level II.

### III.  Conclusion

For the reasons stated above, we conclude that Defendant received ineffective assistance of counsel.  We vacate Defendant's sentence and remand to the trial court for resentencing.

VACATED AND REMANDED FOR RESENTENCING.

Chief Judge McGEE concurs.  Judge TYSON concurs in the result by separate opinion.

TYSON, Judge, concurring in the result.

I concur in the result reached by the majority's opinion. The "catch all" aggravating factor the State proceeded upon at sentencing, and to which his counsel stipulated, was not alleged in an indictment nor found by the jury. N.C. Gen. Stat. § 15A-1340.16(d20) (2019). The enhanced sentence entered beyond the presumptive range constitutes prejudicial error to vacate Defendant's sentence. Defendant argues, and has shown, he received ineffective assistance of counsel ("IAC"). I concur with the majority's analysis of the requisite factors to show IAC. I also vote to vacate the sentence and remand for resentencing for the reasons below.

## I. N.C. Gen. Stat. § 15A-1022.1

The Due Process Clause of the Fifth Amendment and the notice and jury trial protections of the Sixth Amendment guarantee "[a]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476, 147 L. Ed. 2d 435, 446 (2000) (citations omitted).

These protections are codified under N.C. Gen. Stat. § 15A-1340.16 (2019). The State provided prior notice of intent to show Defendant was under probation supervision when the underlying crime occurred to enhance his prior record level points and introduced that fact as an aggravating factor post-conviction, but prior to sentencing. During the guilt-innocence phase the jury did not find any aggravating factors and was dismissed after a guilty verdict on the underlying offense. After the

State offered to prove the aggravating factor beyond a reasonable doubt, Defendant's counsel conceded to Defendant's probationary status when the underlying crime was committed.

The trial court properly found this fact could serve as a "catch-all" aggravating factor. N.C. Gen. Stat. § 15A-1340.16(d20) ("Any other aggravating factor reasonably related to the purposes of sentencing"); *see State v. Moore*, 188 N.C. App. 416, 429, 656 S.E.2d 287, 295 (2008). Absent Defendant's counsel's concession or putting the State to its proof, Defendant would not be subject to an enhanced sentence from this aggravating factor at sentencing.

The Supreme Court of the United States in *Blakely v. Washington* applied *Apprendi's* requirements to the sentencing phase following a guilty plea. 542 U.S. 296, 305, 159 L. Ed. 403, 414 (2004). Our statutes codify *Blakely's* protections in N.C. Gen. Stat. § 15A-1022.1 (a)-(e), which provide:

> (a) Before accepting a plea of guilty or no contest to a felony, the court shall determine whether the State intends to seek a sentence in the aggravated range. If the State does intend to seek an aggravated sentence, the court shall determine which factors the State seeks to establish. The court shall determine whether the State seeks a finding that a prior record level point should be found under G.S. 15A-1340.14(b)(7). *The court shall also determine* whether the State has provided the notice to the defendant required by G.S. 15A-1340.16(a6) or *whether the defendant has waived his or her right to such notice.*
>
> (b) *In all cases* in which a defendant admits to the existence of an aggravating factor or to a finding that a prior record

level point should be found under G.S. 15A-1340.14(b)(7), *the court shall comply* with the provisions of G.S. 15A-1022(a). *In addition, the court shall address the defendant personally and advise the defendant that*:
>    (1) He or she is entitled to have a jury determine the existence of any aggravating factors or points under G.S. 15A-1340.14(b)(7); and
>    (2) He or she has the right to prove the existence of any mitigating factors at a sentencing hearing before the sentencing judge.

(c) Before accepting an admission to the existence of an aggravating factor or a prior record level point under G.S. 15A-1340.14(b)(7), *the court shall determine* that there is a factual basis for the admission, and that the admission is the result of an informed choice by the defendant. The court may base its determination on the factors specified in G.S. 15A-1022(c), as well as any other appropriate information.

(d*) A defendant may admit to the existence of an aggravating factor* or to the existence of a prior record level point under G.S. 15A-1340.14(b)(7) *before or after the trial of the underlying felony.*

(e) *The procedures* specified in this Article for the handling of pleas of guilty *are applicable to the handling of admissions to aggravating factors* and prior record points under G.S. 15A-1340.14(b)(7), unless the context clearly indicates that they are inappropriate.

N.C. Gen. Stat. § 15A-1022.1 (a)-(e) (2019) (emphasis supplied).

Our General Assembly provided additional protections above those established in *Blakely* by extending its protections to the admission of aggravating factors or prior record level points even in the absence of an underlying guilty plea. *See id.* The transcript shows the trial court failed to address Defendant personally.

3

This Court has interpreted N.C. Gen. Stat. § 15A-1022.1 to "require[] a trial court to inform a defendant of his or her right to have a jury determine the existence of an aggravating factor, and the right to prove the existence of any mitigating factor." *State v. Wilson-Angeles*, 251 N.C. App. 886, 902, 795 S.E.2d 657, 669 (2017) (citation omitted).

Unlike the requirements of N.C. Gen. Stat. § 15A-1340.16(a4) cited by the majority's opinion, the trial court's failure to inquire into a knowing and voluntarily waiver of Defendant's rights appear to have prejudiced Defendant. Under subsections (c) and (d), we must reconcile the express language that: "A defendant may admit to the existence of an aggravating factor . . . *before or after the trial of the underlying felony*" with "Before accepting an admission to the existence of an aggravating factor . . . , the court shall determine that there is a factual basis for the admission, and that the admission is the result of an informed choice by the defendant." N.C. Gen. Stat. § 15A-1022.1 (c), (d) (emphasis supplied).

## A. Canons of Construction

"The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation omitted). "The best indicia of that intent are the [plain meanings of the] language of the statute . . ., the spirit of the act and what the act seeks to accomplish." *Coastal*

4

*Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

"When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself." *State v. Ward*, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010). "Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Taylor v. Robinson*, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (citation, internal quotation marks, and ellipses omitted).

"'[S]tatutes *in pari materia* must be read in context with each other.'" *Publishing v. Hospital System, Inc.*, 55 N.C. App. 1, 7, 284 S.E.2d 542, 546 (1981) (quoting *Cedar Creek Enters. Inc. v. Dep't of Motor Vehicles*, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976)). "'*In pari materia'* is defined as '[u]pon the same matter or subject.'" *Id.* at 7-8, 284 S.E.2d at 546 (quoting Black's Law Dictionary 898 (4th ed. 1968)).

My review of relevant case and statutory authority fails to disclose any authority interpreting N.C. Gen. Stat. § 15A-1022.1(d) as writing out a defendant's admission under N.C. Gen. Stat. § 15A-1022.1(c). Reconciling both subsections with *Blakely* and *Apprendi*, a defendant can admit an aggravating factor or prior record level both before and after the guilt-innocence phase after being provided the applicable protections of N.C. Gen. Stat. § 15A-1022.1(a)-(c), *Blakely*, and *Apprendi*.

These protections are: "that there is a factual basis for the admission, and that the admission is the result of an informed choice by the defendant." N.C. Gen. Stat. § 15A-1022.1(c). Generally, these protections must be addressed to and waived by the defendant, not by defendant's counsel.

### B. Cases Distinguished

The State presents several cases to support their argument of a lack of error and prejudice. In *State v. Edmonds*, this Court found a trial court's failure to personally address a defendant to be harmless error, because the defendant had failed to put on mitigating evidence contesting the sole aggravating factor. 236 N.C. App. 588, 600, 763 S.E.2d 552, 560 (2014). Here, Defendant's counsel presented six mitigating factors, all of which were rejected by the trial court prior to sentencing.

This Court's decision in *State v. Marlow*, 229 N.C. App. 593, 747 S.E.2d 741 (2013), is also not controlling to the outcome here. While this Court found the lack of a personal colloquy with defendant was missing when the defendant's counsel stipulated to the prior record level, defendant was personally asked by the court about his prior convictions. *Id.* at 602, 747 S.E.2d at 748.

This Court held no error occurred. "Defense counsel had the opportunity to inform defendant of the repercussions of conceding certain prior offenses and defendant had the opportunity to interject had he not known such repercussions. Yet,

6

even after being informed, defendant neither objected to nor hesitated when asked about such convictions." *Id.*

The transcript shows Defendant was neither informed of these rights nor gave a knowing and voluntary waiver. The trial court did not personally address Defendant on any matter regarding the aggravating factor nor was there any collateral examination as in *Marlow.* Unlike *Edmonds*, Defendant did not concede the mitigating evidence to the aggravating factor.

## II. Conclusion

The indictment failed to allege, the State never proved, and the jury never found the aggravating factor to exist, as is required by *Apprendi, Blakely,* and N.C. Gen. Stat. § 15A-1340.16(a1). Even if counsel's waiver of the State's prior notice to use the aggravating factor was invited error by the stipulation, counsel's post-trial concession and the trial court's failure to address Defendant personally was error. Upon remand, N.C. Gen. Stat. § 15A-1022.1(a)-(e) sets out the procedures for the disposition for resentencing, not N.C. Gen. Stat. § 15A-1340.16(a4).

This stipulation and error by counsel allowed the court to impose the maximum aggravated sentence, constitutes prejudice and shows ineffective assistance of counsel. The sentence is properly vacated. I concur in the result to remand to the trial court for resentencing.